# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LATOYA SH-NAE ROYAL,

       Plaintiff,

vs.                           No. _____

STRIPES, LLC,

       Defendant.

## NOTICE OF REMOVAL TO THE UNITED STATES
## DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

COMES NOW the Defendant Stripes, LLC (hereafter "the Defendant"), by and through its counsel of record, Butt Thornton & Baehr PC (Agnes Fuentevilla Padilla and Charles B. Kraft), and hereby removes this lawsuit to the United States District Court for the District of New Mexico. As grounds therefore, the Defendant states as follows:

1.    Plaintiff filed this civil action against the Defendant in the Fifth Judicial District Court, County of Lea, State of New Mexico, Case No. D-506-CV-2016-01359. Plaintiff's Amended Complaint for Personal Injury, Negligence, Negligence Per Se, Premises Liability, Intentional and Willful Conduct, Wrongful Termination, Other Damages, and Punitive Damages ("Amended Complaint"), which was filed December 16, 2016, named as Defendant Stripes, LLC.

2.    Pursuant to D.N.M. LR-Civ. 81.1(a), a copy of the Original Complaint and Amended Complaint, along with copies of all records and proceedings are attached hereto as Exhibit A.

3.    Plaintiff is a resident of the State of New Mexico. *See* Amended Complaint, ¶1.

4.    Defendant Stripes LLC, has its principal place of business in the State of Texas, and therefore, is a citizen of Texas.

5.    Defendant Stripes LLC is a wholly owned subsidiary of Susser Holdings, LLC (a Delaware LLC), which is its sole member.  Susser Holdings, LLC, is a direct subsidiary of Stripes Holdings LLC, (a Delaware LLC) and is its sole member.  Stripes Holdings LLC is a direct subsidiary of Susser Holdings Corporation, a Delaware Corporation and is its sole member.

6.    There is complete diversity between the Plaintiff and the Defendant.

7.    The Amended Complaint, pursuant to the New Mexico Rules of Civil Procedure, contains no allegation for damages in a specific monetary amount.  The Amended Complaint, however, alleges that the Defendant is responsible for personal injuries suffered by Plaintiff and requests:

      a.    Compensatory, special and other damages, including compensation for loss of her job;
      b.    Punitive damages;
      c.    Costs and fees associated with this lawsuit;
      d.    Interest as provided by law;
      e.    Severe physical injuries, including several torn ligaments in each knee that require surgery;
      f.    Severe mental and emotional injuries;
      g.    Severe emotional distress;
      h.    Severe pain and suffering;
      i.    Inability to perform or engage in the normal activities of daily living, including providing household services;
      j.    Inability to perform the work of her choosing;
      k.    Loss of earning capacity;
      l.    Loss of enjoyment of life;
      m.    Expenses for medical care and treatment, medicines, nursing services, and other types of medically related attention.

8.    Counsel for the Defendant spoke with counsel for Plaintiff and confirmed that he deems the value of the case to exceed $75,000.00.  Based on Plaintiff's Amended Complaint and

Plaintiff's counsel's assertions, the amount in controversy in this matter exceeds $75,000 in value exclusive of interest and costs.

9.    The United States District Court, therefore, has original jurisdiction over the Summons and Amended Complaint under 28 U.S.C. §1332(a) as the matter in controversy exceeds $75,000.00 in value, exclusive of interest and costs, and this action is between citizens of different states.    Diversity jurisdiction has existed from the time the Plaintiff filed her Amended Complaint of this action in state court through the time of the filing of this Petition.  28 U.S.C. §1446(b)(3).

10.    Because this Court has original jurisdiction over this action under 28 U.S.C. §1332(a), this action is removable pursuant to 28 U.S.C. §§1441(a).

11.    The state court in which this action was commenced is within this Court's district. Venue is therefore proper under 28 U.S.C. §§111 and 1441(a).

12.    The Notice of Removal was filed with this Court within thirty (30) days after the Defendant was served with Plaintiff's Amended Complaint on December 19, 2016 via certified mail postmarked December 16, 2016.

13.    Defendant, immediately upon the filing of this Notice of Removal, gave written notice of the filing to Plaintiff as required by 28 U.S.C. §1446(d) and filed a copy of this Notice of Removal with the Clerk of the Fifth Judicial District Court, County of Lea, State of New Mexico, the Court from which this action is removed.

14.    This Notice of Removal is signed pursuant to Fed.R.Civ.P. 11.

WHEREFORE, Defendant respectfully requests that the above-entitled action remain in this United States District Court for the District of New Mexico.

Respectfully Submitted,

BUTT THORNTON & BAEHR PC

**Electronically Filed**

/s/ *Agnes Fuentevilla Padilla*
Agnes Fuentevilla Padilla
Charles B. Kraft
*Attorneys for Defendant*
PO Box 3170
Albuquerque, NM 87190
Telephone: (505) 884-0777
afpadilla@btblaw.com
cbkraft@btblaw.com

I hereby certify that on the 18th day of January, 2017,
I filed the foregoing electronically through the CM/ECF
system, which caused the following counsel to be served
by electronic means, as more fully reflected on the
Notice of Electronic filing:

Lee Stringham
The Stringham Law Firm, PLLC
6 Desta Drive, Suite 2590
Midland, TX 79705
LStringham@stringhamlawfirm.com

/s/*Agnes Fuentevilla Padilla*
Agnes Fuentevilla Padilla

℁JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, expect as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
LATOYA SH-NAE ROYAL

**DEFENDANTS**
STRIPES, LLC

(b) County of Residence of First Listed Plaintiff: LEA COUNTY

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Lee Stringham
The Stringham Law firm, PLLC
6 Desta Drive, Suite 2590
Midland, TX 79705
Telephone: 432-203-9400

Butt Thornton & Baehr, P.C.
Agnes Fuentevilla Padilla, Esq.
Charles Kraft, Esq.
4101 Indian School Rd. N.E. #300
Albuquerque, NM 87110
Telephone: 505- 884-0777

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 4  Diversity
(Indicate Citizenship of parties
in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE
BOX FOR DEFENDANT)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUITE** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110  Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610  Agriculture | ☐ 422  Appeal 28 USC 158 | ☐ 400  State Reapportionment |
| ☐ 120  Marine | ☐ 310  Airplane | ☐ 362  Personal Injury – Med. | ☐ 620  Other Food & Drug | | ☐ 410  Antitrust |
| ☐ 130  Miller Act | ☐ 315  Airplane Product | Malpractice | ☐ 625  Drug Related Seizure | ☐ 423  Withdrawal | ☐ 430  Banks and Banking |
| ☐ 140  Negotiable Instrument | Liability | ☐ 365  Personal Injury – | of Property 21 USC | 28 USC 157 | ☐ 450  Commerce/ICC Rates/etc. |
| ☐ 150  Recovery of Overpayment | ☐ 320  Assault Libel & | Product Liability | 881 | **PROPERTY RIGHTS** | ☐ 460  Deportation |
| & Enforcement of | Slander | ☐ 368  Asbestos Personal | ☐ 630  Liquor Laws | ☐ 820  Copyrights | ☐ 470  Racketeer Influenced and |
| Judgment | ☐ 330  Federal Employers | Injury Product Liability | ☐ 640  R.R. & Truck | ☐ 830  Patent | Corrupt Organizations |
| ☐ 151  Medicare Act | Liability | | ☐ 650  Airline Regs. | ☐ 840  Trademark | ☐ 480  Consumer Credit |
| ☐ 152  Recovery of Defaulted | ☐ 340  Marine | **PERSONAL PROPERTY** | ☐ 660  Occupational | | ☐ 490  Cable/Sat TV |
| Student Loans | ☐ 345  Marine Product | ☐ 370  Other Fraud | Safety/Heath | | ☐ 810  Selective Service |
| (Excl. Veterans) | Liability | ☐ 371  Truth in Lending | ☐ 690  Other | | ☐ 850  Securities/Commodities/ |
| ☐ 153  Recovery of Overpayment | ☐ 350  Motor Vehicle | ☐ 380  Other Personal | | | Exchange |
| of Veteran's Benefits | ☐ 355  Motor Vehicle | Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875  Customer Challenge |
| ☐ 160  Stockholders Suits | Product Liability | ☐ 385  Property Damage | ☐ 710  Fair Labor Standards | ☐ 861  HIA (1395 ff) | 12 USC 3410 |
| ☐ 190  Other Contract | ☒ 360  Other Personal Injury | Product Liability | Act | ☐ 862  Black Lung (923) | ☐ 890Other Statutory Actions |
| ☐ 195  Contract Product Liability | | | ☐ 720  Labor/Mgmt Relations | ☐ 863  DIW C/DIW W | ☐ 891  Agricultural Acts |
| ☐ 196  Franchise | | | ☐ 730  Labor/Mgmt Reporting | (405(g)) | ☐ 892  Economic Stabilization |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 864  SSID Title XVI | Act |
| ☐ 210  Land Condemnation | ☐ 441  Voting | ☐ 510  Motions to Vacate | ☐ 740  Railway Labor Act | ☐ 865  RSI (405(g)) | ☐ 893  Environmental Matters |
| ☐ 220  Foreclosure | ☐ 442  Employment | Sentence | ☐ 790  Other Labor Litigation | | ☐ 894  Energy Allocation Act |
| ☐ 230  Rent Lease & | ☐ 443  Housings | **HABEAS CORPUS:** | ☐ 791  Empl Ret Inc. | **FEDERAL TAX SUITS** | ☐ 895  Freedom of Information |
| Ejectment | Accommodations | ☐ 530  General | Security Act | ☐ 870  Taxes (U.S. Plaintiff | Act |
| ☐ 240  Torts to Land | ☐ 444  Welfare | ☐ 535  Death Penalty | | or Defendant) | ☐ 900  Appeal of Fee Determination |
| ☐ 245  Tort Product Liability | 440  Other Civil Rights | ☐ 540  Mandamus & Other | | ☐ 871  IRS – Third Party | Under Equal Access to |
| ☐ 290  All other Real Property | | ☐ 550  Civil Rights | | 26 USC 7609 | Justice |
| | | ☐ 555  Prison Condition | | | ☐ 950  Constitutionality of |
| | | | | | State Statutes |

**V. ORIGIN**   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  Original
Proceeding

☒ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

**VI. CAUSE OF ACTION**
(Cite the U.S. Civil Statute under which you are filing. **Do not cite jurisdictional statutes unless diversity.**):
28 USC §1332

Brief description of cause: Claim for personal injury, Negligence, Premises Liability, Wrongful Termination of Plaintiff/Employee.

**VII. REQUESTED IN
COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐  UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in Complaint
JURY DEMAND: YES ☒  NO ☐

**VIII. RELATED CASES(S)
IF ANY**    (See instructions)

JUDGE_____

DOCKET NUMBER_____

DATE
January 18, 2017

SIGNATURE OF ATTORNEY OF RECORD
/s/ Agnes Fuentevilla Padilla

EXHIBIT
A
tabbies

FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

STATE OF NEW MEXICO
LEA COUNTY
FIFTH JUDICIAL DISTRICT COURT

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/17/2016 4:07:53 PM
NELDA CUELLAR
Cory Hagedoorn

LATOYA SH-NAE ROYAL,
Individually,

        Plaintiff,

vs.

STRIPES, LLC,

        Defendant.

Cause No.:  D-506-CV-2016-01359

Case assigned to Sanchez, Mark

---

## COMPLAINT FOR PERSONAL INJURY, NEGLIGENCE, NEGLIGENCE PER SE, PREMISES LIABILITY, INTENTIONAL AND WILLFUL CONDUCT, OTHER DAMAGES, AND PUNITIVE DAMAGES

---

Plaintiff, LATOYA SH-NAE ROYAL, individually, by and through their counsel, the Stringham Law Firm, and for their Complaint for Personal Injury, Negligence, Negligence Per Se, Premises Liability, Intentional and Willful Conduct, Other Damages, and Punitive Damages against Defendants STRIPES LLC, states as follows.

### JURISDICTION AND VENUE AND PARTIES

1.  Plaintiff LaToya Sh-Nae Royal is a resident of Hobbs, New Mexico. She lives at the address of 1401 East Navajo Apartment 402, Hobbs, NM, 88240.

2.  Defendant STRIPES LLC, (hereinafter "Stripes"), is a New Mexico for profit corporation, organized under the laws of New Mexico. Stripes can be served with process by serving its registered agent the Corporation Service Company at 123 East Marcy Street, Suite 101, Santa Fe, NM 87501.

3.  Defendant Stripes Store #250, (hereinafter "the Store") is owned and operated by Defendant Stripes, LLC. The Store is located at 3305 W. Marland, Hobbs, NM 88240. Upon

1

information and belief, Store #250 is owned and operated by Stripes.

4.    The causes of action asserted herein arise out of Defendant's transaction of business and commission of tortious acts within the State of New Mexico. The Incident which is the subject hereof occurred in Lea County, New Mexico.  Additionally, at all relevant times, the Defendants have been authorized and licensed by the New Mexico Secretary of State (formerly the New Mexico Public Regulations Commission) to conduct business in New Mexico as either a foreign or domestic entity. This Court has personal jurisdiction over the Defendants pursuant to NMSA 1978, § 38-1-16 and has jurisdiction over the subject matter. Venue is appropriate and proper in this Court, pursuant to NMSA 1978, § 38-3-1(F).

5.    There is not complete diversity of citizenship between Plaintiff and Defendants.

## FACTS APPLICABLE TO ALL COUNTS

### A.    STATUS OF PARTIES

6.    The Store is owned and operated by Stripes, LLC.

7.    Beginning on or about January 1, 2016 and continuing through the incident, Plaintiff LaToya Royal has been the employee of Defendant Stripes.

8.    Since 1975, NM OSHA has adopted all OSHA standards, incorporated by reference, that relate to state and local government and private sector employer operations. This includes mandates on the working condition of emergency protocols.

9.    To our knowledge, there was no substantial change in management personnel or operation of the Store, and the security protocols should have been kept in working condition and absent them working, notice should have been given to all employees of the Store, and further, an alternative safety protocol should have been put into effect.

2

10.    Defendant Stripes is responsible for failing to maintain the safety and emergency protocols as demanded by Section 1910, subsection 165 (d) of the New Mexico Occupational Safety and Health Administration rules, and further, neglected to ensure that all emergency protocols were in working condition, specifically the panic button located by the register.

11.    Defendant's acts and omissions, including each and all of those alleged herein, caused or contributed to the dangerous conditions identified more fully in this Complaint, causing or contributing to the Incident. The Defendant's acts and omissions alleged herein directly, proximately, and reasonably foreseeably caused or contributed to the Plaintiff's injuries and damages alleged herein.  Plaintiff alleges that each and all the acts and omissions of Defendant Stripes were engaged in willfully and intentionally and without just cause or excuse, all of which were reasonably expected to result in the injuries and damages alleged herein, or were engaged in with utter disregard for the consequences to and safety of Plaintiff. Plaintiff alleges that each and all of the acts and omissions of the Defendant Stripes complained of herein were at least negligent, and that, as will be shown further at trial, they engaged in some or all of the acts and omissions complained of herein willfully, intentionally with knowledge that harm may result; recklessly, intentionally with utter indifference to the consequences; and wantonly, with utter indifference as to or conscious disregard for Plaintiff's rights, life, and safety, and that the Defendant failed to exercise reasonable precautions necessary to avoid the harm. At all times relevant to this Complaint, Defendant Stripes was required to maintain the premises of the Store in a safe condition and keep all emergency protocols in working condition.

12.    A partial chronology and description of events directly leading up to and occurring during the assault on the Plaintiff is as follows.  Plaintiff alleges that:

a.    On or about July 27, 2016, LaToya Royal was working at Stripes Store #250 located in Hobbs, NM. At approximately 7:00 p.m. a patron, later

3

identified at Eric Jaquez, entered the Store and proceeded to the refrigerated section of the store. Minutes later, Mr. Jaquez approached Ms. Royal at the register and attempted to purchase a 30-pack of Michelob Ultra. Ms. Royal recognized that the patron was intoxicated and refused to complete the sale. Mr. Jaquez stated he wanted to purchase cigarettes along with the beer and Ms. Royal refused both sales.

b.    Mr. Jaquez became angry and threw the beer across the counter at Ms. Royal, resulting in her sustaining injuries. Following Stripes Emergency Protocol, Ms. Royal called her supervisor. Her supervisor advised her to push the panic button and wait for the police to arrive. Ms. Royal followed instructions and pushed the panic button.

c.    At the same time, Mr. Jaquez came over the counter and proceeded to assault Ms. Royal. Ms. Royal repeatedly pushed the panic button but to no avail. Eventually, an acquaintance of Mr. Jaquez removed him from the store. Ms. Royal proceeded outside to catch the license plate of the vehicle. This action enraged Mr. Jaquez and Mr. Jaquez once again ran at and assaulted Ms. Royal; this time throwing her to the ground, putting her in a headlock, straining her neck, and striking her.

d.    In an attempt to defend herself, Ms. Royal struck Mr. Jaquez. Mr. Jaquez then proceeded to drag Ms. Royal by her hair and rip out large pieces of hair. Ms. Royal attempted to hold him down but Mr. Jaquez and his acquaintances eventually escaped and left the premises. Ms. Royal called the police from her personal cell phone since they did not respond to the distress call from pushing the panic button.

e.    Once the police arrived, they took Ms. Royal's statement, gave her a victim's card and left the scene.

f.    Mr. Jaquez was no longer on the premises when the police arrived. Charges have been filed against Mr. Jaquez.

13.    These conditions and the failure to maintain the premises in a safe condition, specifically maintaining the working condition of the panic button in the store, impaired Plaintiff Latoya Royal's ability to get help when she was attacked by a customer, further causing or contributing to his injuries.

14.    As the direct, proximate and reasonably foreseeable result of the Defendants' acts and omissions, Plaintiff has suffered, among others, the injuries and damages set out herein, all of a kind and in an amount to be further determined and presented at trial.

15.    Plaintiff is entitled to an award of damages and punitive damages against each of the Defendants.

## COUNT I: WILLFUL OR INTENTIONAL INJURY CLAIMS AGAINST DEFENDANT STRIPES AGAINST PLAINTIFF LATOYA ROYAL

16.    Plaintiff hereby re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 15, as fully set forth herein.

17.    At all times pertinent hereto, Plaintiff LaToya Royal's only employer relative to the accident was Defendant Stripes.

18.    At all pertinent times hereto, Defendant Stripes was under a duty not to cause willful or intentional injury to Plaintiff LaToya Royal.

19.    As the direct, proximate, and reasonably foreseeable result of the above identified acts and omissions, Plaintiff LaToya Royal was injured.

20.    Defendant Stripes, contrary to its duty, engaged in willful, intentional conduct, or negligent conduct that proximately caused Plaintiff LaToya Royal to suffer injury.

21.    Consequently, Defendant Stripes is not entitled in this action to the protections of the exclusivity provision of the New Mexico Worker's Compensation Act.

22.    Defendant Stripes engaged in willful and intentional acts or omissions without cause or excuse, that were reasonably expected to result in the injuries suffered by Plaintiff by committing the acts and or omissions alleged herein thereby violating state OSHA regulations and gives rise to a Negligence Per Se claim.

23.    Defendant Stripes committed each of these acts or omissions with the expectation that injury would result, or with utter disregard for the consequences and safety of Plaintiff LaToya Royal.

5

24.    As the direct, proximate, and reasonably foreseeable result of the above identified acts and omissions, Plaintiff LaToya Royal was injured.

25.    As the direct, proximate, and reasonably foreseeable cause of Defendant Stripe's willful or intentional acts, Plaintiff LaToya Royal has suffered and continues to suffer injuries and damages, and is entitled to an award of damages against Defendant Stripes as described and set out more fully herein.

26.    The acts or omissions of Defendant Stripes were wanton, willful, intentional and/or engaged in in reckless disregard for the safety, life, and well-being of Plaintiff LaToya Royal, and Plaintiff LaToya Royal is entitled to an award of punitive damages against Defendant Stripes.

## COUNT II: NEGLIGENCE CLAIMS AGAINST DEFENDANT STRIPES AND CLAIMS FOR DAMAGES AND PUNITIVE DAMAGES AGAINST DEFENDANT STRIPES

27.    Plaintiff hereby re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 26, as fully set forth herein.

28.    At all times pertinent hereto, Defendant Stripes owed Plaintiff Latoya Royal a duty of ordinary care to avoid and/or prevent an unreasonable risk of injury. Defendant Stripes breached that duty of care by committing the acts or omissions alleged herein.

29.    As the direct, proximate, and foreseeable result of Defendant Stripes' negligence, Plaintiff Latoya Royal has suffered and continues to suffer, injuries and damages, and is entitled to an award of damages against Defendant Stripes as described and set forth more fully herein.

30.    The acts and omissions of Defendant Stripes, were wanton, willful, intentional and/or engaged in in reckless disregard for the safety, life, and well-being of Plaintiff Latoya Royal, and Plaintiff Latoya Royal is entitled to an award of punitive damages against

Defendant Stripes.

31.    Because Defendant Stripes had an obligation to keep emergency protocols in working order, or in the alternative, have an alternative plan and inform employees of what that plan is, and because the panic button was not in working order at the time of the incident, Defendant Stripes is in violation of the Occupational Safety and Health Administration Rules of New Mexico which gives rise to a Negligence Per Se cause of action.

## DAMAGES

32.    Plaintiff Latoya Royal's injuries and damages for which she is entitled to a Judgment against Defendants as pleaded herein, include without limitation the following, all of which are ongoing:

a.    severe physical injuries, including without limitation: pain and limited range of motion in both knees, a thoracic back sprain, a sprain of the lumbar spine and pelvis, and a sprained neck;

b.    several torn ligaments in each knee that will both require surgery for full range of motion;

c.    severe mental and emotional injuries;

d.    severe emotional distress;

e.    severe pain and suffering;

f.    inability to perform or engage in the normal activities of daily living, including providing household services and spending time with her boyfriend and daughter;

g.    inability to sleep or sleep healthily;

h.    inability to perform the work of her choosing;

i.    a loss of earning capacity;

7

j.     a loss of enjoyment of life;

k.     incurrence of expenses for medical care and treatment, medicines, nursing services, and other types of medically related attention.

The above injuries and damages are ongoing; some or all of the injuries may be permanent. Plaintiff Latoya Royal may provide evidence of other damages at trial.

## PUNITIVE DAMAGES

33.     The Court should award Plaintiff punitive damages, and in doing so should consider not only the harm to and wrongful conduct directed by Defendants to Plaintiff Latoya Royal, but also the risk of harm and harm to others because of Defendants' conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that a Judgment be entered in her favor against Defendants for damages of a kind and in amounts to be proven at trial, including for, but not limited to:

a.     Compensatory and special and other damages;

b.     Punitive damages;

c.     Costs and fees associated with this lawsuit;

d.     Interest as provided by law.

Plaintiff also requests that the Court enter a Judgment in her favor and for such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff by and through her attorney, the Stringham Law Firm, hereby demand a six (6) person jury in the above captioned case.

8

Lee Stringham
The Stringham Law Firm, PLLC
6 Desta Drive, Suite 2590
Midland, TX 79705
Tel: (432) 203-9400
Fax: (432) 203-9401
L.Stringham@StringhamLawFirm.com
*Attorney for Plaintiff*

STATE OF NEW MEXICO
LEA COUNTY
FIFTH JUDICIAL DISTRICT COURT

LATOYA SH-NAE ROYAL,
Individually,

                              Plaintiff,

vs.

STRIPES, LLC,

                              Defendant.

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/17/2016 4:07:53 PM
NELDA CUELLAR
Cory Hagedoorn

Cause No.:    D-506-CV-2016-01359

---

## JURY DEMAND

Plaintiff, LATOYA SH-NAE ROYAL, by and through her attorney, the Stringham Law

Firm, hereby demand a six (6) person jury in the above captioned case.

Lee Stringham
The Stringham Law Firm, PLLC
6 Desta Drive, Suite 2590
Midland, TX 79705
Tel: (432) 203-9400
Fax: (432) 203-9401
LStringham@StringhamLawFirm.com
*Attorney for Plaintiff*

**4-206. Summons.**

[For use with District Court Civil Rule 1-004 NMRA]

<table>
<tr><td colspan="2" align="center"><b>SUMMONS</b></td></tr>
<tr>
<td>District Court: <u>5th Judicial Court</u><br>_____<u>Lea</u>_____ County, New Mexico<br>Court Address: 100 N. Main<br>        Lovington, NM 88260<br>Court Telephone Number.: 575-396-8571</td>
<td>Case Number: D-506-CV-2016-01359<br><br><br>Judge: Mark Sanchez</td>
</tr>
<tr>
<td>Plaintiff(s): Latoya Sh-nae Royal<br>v.<br>Defendant(s): Stripes, LLC</td>
<td>Defendant<br>Name:        Stripes, LLC<br>Servicing Agent: Corporation Service Company<br>Address:123 E. Marcy Street, Suite 101, Santa Fe, NM 87501</td>
</tr>
</table>

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

      1.     A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

      2.     You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

      3.     You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

      4.     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

      5.     You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

      6.     If you need an interpreter, you must ask for one in writing.

      7.     You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

      Dated at _____<u>Lovington</u>_____, New Mexico, this <u>1st</u> day of <u>December</u>, 20<u>16</u>.

Nelda Cuellar
CLERK OF COURT

By: _____
    Deputy

                            Attorney for Plaintiff or
                            Plaintiff pro se

ORIGINAL: To Be Returned to Clerk of District Court for Filing.

Name:  Lee Stringham, The Stringham Law Firm
Address: 6 Desta Drive, Suite 2590, Midland, TX
Telephone No.: 432-203-9400
Fax No.: 432-203-9401
Email Address: lstringham@stringhamlawfirm.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**[1]

STATE OF NEW MEXICO            )
                                                       )ss
COUNTY OF _____        )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to
this lawsuit, and that I served this summons in _____ county on the _____ day of
_____, _____, by delivering a copy of this summons, with a copy of complaint
attached, in the following manner:

(***check one box and fill in appropriate blanks***)

[ ]    to the defendant _____ (*used when defendant accepts a copy of
summons and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used
when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by
mail or commercial courier service, by delivering a copy of this summons, with a copy of
complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at
the usual place of abode of defendant _____, (*used when the defendant is not
presently at place of abode*) and by mailing by first class mail to the defendant at
_____ (*insert defendant's last known mailing address*) a copy of the summons
and complaint.

[ ]    to _____, the person apparently in charge at the actual place of
business or employment of the defendant and by mailing by first class mail to the defendant at
_____ (*insert defendant's business address*) and by mailing the summons
and complaint by first class mail to the defendant at _____ (*insert defendant's
last known mailing address*).

[ ]    to _____, an agent authorized to receive service of process for

defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees:    _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____.[2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

USE NOTE

1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013; as amended by Supreme Court Order No. 14-8300-017, effective for all cases pending or filed on or after December 31, 2014.]

STATE OF NEW MEXICO
LEA COUNTY
FIFTH JUDICIAL DISTRICT COURT

FILED IN MY OFFICE
DISTRICT COURT CLERK
12/16/2016 3:13:59 PM
NELDA CUELLAR
Cory Hagedoorn

LATOYA SH-NAE ROYAL,
Individually,

                Plaintiff,           Cause No.:  D-506-CV-201601359

vs.

STRIPES, LLC,

                Defendant.

## AMENDED COMPLAINT FOR PERSONAL INJURY, NEGLIGENCE, NEGLIGENCE PER SE, PREMISES LIABILITY, INTENTIONAL AND WILLFUL CONDUCT, WRONGFUL TERMINATION, OTHER DAMAGES, AND PUNITIVE DAMAGES

Plaintiff, LATOYA SH-NAE ROYAL, individually, by and through their counsel, the Stringham Law Firm, and for their Complaint for Personal Injury, Negligence, Negligence Per Se, Premises Liability, Intentional and Willful Conduct, Wrongful Termination, Other Damages, and Punitive Damages against Defendants STRIPES LLC, states as follows.

### JURISDICTION AND VENUE AND PARTIES

1.      Plaintiff LaToya Sh-Nae Royal is a resident of Hobbs, New Mexico. She lives at the address of 1401 East Navajo Apartment 402, Hobbs, NM, 88240.

2.      Defendant STRIPES LLC, (hereinafter "Stripes"), is a New Mexico for profit corporation, organized under the laws of New Mexico. Stripes can be served with process by serving its registered agent the Corporation Service Company at 123 East Marcy Street, Suite 101, Santa Fe, NM 87501.

3.      Defendant Stripes Store #250, (hereinafter "the Store") is owned and operated by Defendant Stripes, LLC. The Store is located at 3305 W. Marland, Hobbs, NM 88240. Upon

1

information and belief, Store #250 is owned and operated by Stripes.

4.      The causes of action asserted herein arise out of Defendant's transaction of business and commission of tortious acts within the State of New Mexico. The Incident which is the subject hereof occurred in Lea County, New Mexico.  Additionally, at all relevant times, the Defendants have been authorized and licensed by the New Mexico Secretary of State (formerly the New Mexico Public Regulations Commission) to conduct business in New Mexico as either a foreign or domestic entity. This Court has personal jurisdiction over the Defendants pursuant to NMSA 1978, § 38-1-16 and has jurisdiction over the subject matter. Venue is appropriate and proper in this Court, pursuant to NMSA 1978, § 38-3-1(F).

5.      There is not complete diversity of citizenship between Plaintiff and Defendants.

**FACTS APPLICABLE TO ALL COUNTS**

**A.      STATUS OF PARTIES**

6.      The Store is owned and operated by Stripes, LLC.

7.      Beginning on or about January 1, 2016 and continuing through the incident, Plaintiff LaToya Royal has been the employee of Defendant Stripes.

8.      Since 1975, NM OSHA has adopted all OSHA standards, incorporated by reference, that relate to state and local government and private sector employer operations. This includes mandates on the working condition of emergency protocols.

9.      To our knowledge, there was no substantial change in management personnel or operation of the Store, and the security protocols should have been kept in working condition and absent them working, notice should have been given to all employees of the Store, and further, an alternative safety protocol should have been put into effect.

10.    Defendant Stripes is responsible for failing to maintain the safety and emergency protocols as demanded by Section 1910, subsection 165 (d) of the New Mexico Occupational Safety and Health Administration rules, and further, neglected to ensure that all emergency protocols were in working condition, specifically the panic button located by the register.

11.    Defendant's acts and omissions, including each and all of those alleged herein, caused or contributed to the dangerous conditions identified more fully in this Complaint, causing or contributing to the Incident. The Defendant's acts and omissions alleged herein directly, proximately, and reasonably foreseeably caused or contributed to the Plaintiff's injuries and damages alleged herein.  Plaintiff alleges that each and all the acts and omissions of Defendant Stripes were engaged in willfully and intentionally and without just cause or excuse, all of which were reasonably expected to result in the injuries and damages alleged herein, or were engaged in with utter disregard for the consequences to and safety of Plaintiff. Plaintiff alleges that each and all of the acts and omissions of the Defendant Stripes complained of herein were at least negligent, and that, as will be shown further at trial, they engaged in some or all of the acts and omissions complained of herein willfully, intentionally with knowledge that harm may result; recklessly, intentionally with utter indifference to the consequences; and wantonly, with utter indifference as to or conscious disregard for Plaintiff's rights, life, and safety, and that the Defendant failed to exercise reasonable precautions necessary to avoid the harm. At all times relevant to this Complaint, Defendant Stripes was required to maintain the premises of the Store in a safe condition and keep all emergency protocols in working condition.

12.    A partial chronology and description of events directly leading up to and occurring during the assault on the Plaintiff is as follows.  Plaintiff alleges that:

a.    On or about July 27, 2016, LaToya Royal was working at Stripes Store #250 located in Hobbs, NM. At approximately 7:00 p.m. a patron, later

3

identified at Eric Jaquez, entered the Store and proceeded to the refrigerated section of the store. Minutes later, Mr. Jaquez approached Ms. Royal at the register and attempted to purchase a 30-pack of Michelob Ultra. Ms. Royal recognized that the patron was intoxicated and refused to complete the sale. Mr. Jaquez stated he wanted to purchase cigarettes along with the beer and Ms. Royal refused both sales.

b.      Mr. Jaquez became angry and threw the beer across the counter at Ms. Royal, resulting in her sustaining injuries. Following Stripes Emergency Protocol, Ms. Royal called her supervisor. Her supervisor advised her to push the panic button and wait for the police to arrive. Ms. Royal followed instructions and pushed the panic button.

c.      At the same time, Mr. Jaquez came over the counter and proceeded to assault Ms. Royal. Ms. Royal repeatedly pushed the panic button but to no avail. Eventually, an acquaintance of Mr. Jaquez removed him from the store. Ms. Royal proceeded outside to catch the license plate of the vehicle. This action enraged Mr. Jaquez and Mr. Jaquez once again ran at and assaulted Ms. Royal; this time throwing her to the ground, putting her in a headlock, straining her neck, and striking her.

d.      In an attempt to defend herself, Ms. Royal struck Mr. Jaquez. Mr. Jaquez then proceeded to drag Ms. Royal by her hair and rip out large pieces of hair. Ms. Royal attempted to hold him down but Mr. Jaquez and his acquaintances eventually escaped and left the premises. Ms. Royal called the police from her personal cell phone since they did not respond to the distress call from pushing the panic button.

e.      Once the police arrived, they took Ms. Royal's statement, gave her a victim's card and left the scene.

f.      Mr. Jaquez was no longer on the premises when the police arrived. Charges have been filed against Mr. Jaquez.

13.      These conditions and the failure to maintain the premises in a safe condition, specifically maintaining the working condition of the panic button in the store, impaired Plaintiff Latoya Royal's ability to get help when she was attacked by a customer, further causing or contributing to his injuries.

14.      As the direct, proximate and reasonably foreseeable result of the Defendants' acts and omissions, Plaintiff has suffered, among others, the injuries and damages set out herein, all of a kind and in an amount to be further determined and presented at trial.

4

15.     Plaintiff is entitled to an award of damages and punitive damages against each of the Defendants.

## COUNT I: WILLFUL OR INTENTIONAL INJURY CLAIMS AGAINST DEFENDANT STRIPES AGAINST PLAINTIFF LATOYA ROYAL

16.     Plaintiff hereby re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 15, as fully set forth herein.

17.     At all times pertinent hereto, Plaintiff LaToya Royal's only employer relative to the accident was Defendant Stripes.

18.     At all pertinent times hereto, Defendant Stripes was under a duty not to cause willful or intentional injury to Plaintiff LaToya Royal.

19.     As the direct, proximate, and reasonably foreseeable result of the above identified acts and omissions, Plaintiff LaToya Royal was injured.

20.     Defendant Stripes, contrary to its duty, engaged in willful, intentional conduct, or negligent conduct that proximately caused Plaintiff LaToya Royal to suffer injury.

21.     Consequently, Defendant Stripes is not entitled in this action to the protections of the exclusivity provision of the New Mexico Worker's Compensation Act.

22.     Defendant Stripes engaged in willful and intentional acts or omissions without cause or excuse, that were reasonably expected to result in the injuries suffered by Plaintiff by committing the acts and or omissions alleged herein thereby violating state OSHA regulations and gives rise to a Negligence Per Se claim.

23.     Defendant Stripes committed each of these acts or omissions with the expectation that injury would result, or with utter disregard for the consequences and safety of Plaintiff LaToya Royal.

5

24.     As the direct, proximate, and reasonably foreseeable result of the above identified acts and omissions, Plaintiff LaToya Royal was injured.

25.     As the direct, proximate, and reasonably foreseeable cause of Defendant Stripe's willful or intentional acts, Plaintiff LaToya Royal has suffered and continues to suffer injuries and damages, and is entitled to an award of damages against Defendant Stripes as described and set out more fully herein.

26.     The acts or omissions of Defendant Stripes were wanton, willful, intentional and/or engaged in in reckless disregard for the safety, life, and well-being of Plaintiff LaToya Royal, and Plaintiff LaToya Royal is entitled to an award of punitive damages against Defendant Stripes.

## COUNT II: NEGLIGENCE CLAIMS AGAINST DEFENDANT STRIPES AND CLAIMS FOR DAMAGES AND PUNITIVE DAMAGES AGAINST DEFENDANT STRIPES

27.     Plaintiff hereby re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 26, as fully set forth herein.

28.     At all times pertinent hereto, Defendant Stripes owed Plaintiff Latoya Royal a duty of ordinary care to avoid and/or prevent an unreasonable risk of injury. Defendant Stripes breached that duty of care by committing the acts or omissions alleged herein.

29.     As the direct, proximate, and foreseeable result of Defendant Stripes' negligence, Plaintiff Latoya Royal has suffered and continues to suffer, injuries and damages, and is entitled to an award of damages against Defendant Stripes as described and set forth more fully herein.

30.     The acts and omissions of Defendant Stripes, were wanton, willful, intentional and/or engaged in in reckless disregard for the safety, life, and well-being of Plaintiff Latoya Royal, and Plaintiff Latoya Royal is entitled to an award of punitive damages against

Defendant Stripes.

31.     Because Defendant Stripes had an obligation to keep emergency protocols in working order, or in the alternative, have an alternative plan and inform employees of what that plan is, and because the panic button was not in working order at the time of the incident, Defendant Stripes is in violation of the Occupational Safety and Health Administration Rules of New Mexico which gives rise to a Negligence Per Se cause of action.

## COUNT III: WRONGFUL TERMINATION OF LATOYAL ROYAL BY STRIPES, LLC DUE TO RETALIATION

32.     On July 27, 2016, LaToya Royal was attacked by a patron at Stripes Store #250 and suffered severe injuries to her knees, back and neck.

33.     Since the incident, LaToya Royal has incurred a number of medical expenses and has at least two surgeries that are required for her to return to her prior mobility.

34.     Because of these injuries, LaToya was placed on leave of absence with Stripes. She was only placed on this leave of absence because of her disability.

35.     Stripes refused to put her on the schedule to work, even after she was cleared to work by a specialist.

36.     On September 6, 2016, a spoliation letter was mailed to the Stripes registered agent in New Mexico to preserve all evidence and the security video from the incident in anticipation of this lawsuit being filed.

37.     According to the receipt returned to the Stringham Law Firm, the letter was signed for and received via certified mail on September 13, 2016.

38.     Just two weeks later, LaToya received a termination letter from Stripes with no reason for her termination listed. (Attached as Exhibit A.)

39.    Due to the timing of this letter, and Stripes' actual notice of the pending lawsuit, we contend that the reason behind LaToya Royal's termination is the threat of the pending legal action.

40.    Ms. Royal was terminated by Stripes, LLC because she notified them of a pending lawsuit and that she was going to reveal their intentional and neglectful behavior in regards to the security protocols and failure of those protocols.

## DAMAGES

a) Plaintiff Latoya Royal's injuries and damages for which she is entitled to a Judgment against Defendants as pleaded herein, include without limitation the following, all of which are ongoing:

    a.  severe physical injuries, including without limitation: pain and limited range of motion in both knees, a thoracic back sprain, a sprain of the lumbar spine and pelvis, and a sprained neck;

    b.  several torn ligaments in each knee that will both require surgery for full range of motion;

    c.  severe mental and emotional injuries;

    d.  severe emotional distress;

    e.  severe pain and suffering;

    f.  inability to perform or engage in the normal activities of daily living, including providing household services and spending time with her boyfriend and daughter;

    g.  inability to sleep or sleep healthily;

    h.  inability to perform the work of her choosing;

    i.  a loss of earning capacity;

8

j.  a loss of enjoyment of life;

k.  incurrence of expenses for medical care and treatment, medicines, nursing

services, and other types of medically related attention;

l.  Actual compensation for the loss of her job due to wrongful termination.

The above injuries and damages are ongoing; some or all the injuries may be permanent.

Plaintiff Latoya Royal may provide evidence of other damages at trial.

## PUNITIVE DAMAGES

41.  The Court should award Plaintiff punitive damages, and in doing so should

consider not only the harm to and wrongful conduct directed by Defendants to Plaintiff Latoya

Royal, but also the risk of harm and harm to others because of Defendants' conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that a Judgment be entered in her favor against

Defendants for damages of a kind and in amounts to be proven at trial, including for, but not

limited to:

a.  Actual, compensatory, special and other damages;

b.  Punitive damages;

c.  Costs and fees associated with this lawsuit;

d.  Interest as provided by law.

Plaintiff also requests that the Court enter a Judgment in her favor and for such other and

further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff by and through her attorney, Lee Stringham of the Stringham Law Firm, hereby

9

demand a six (6) person jury in the above captioned case.

Lee Stringham
The Stringham Law Firm, PLLC
6 Desta Drive, Suite 2590
Midland, TX 79705
Tel: (432) 203-9400
Fax: (432) 203-9401
L.Stringham@StringhamLawFirm.com
*Attorney for Plaintiff*

10

10/05/2016 16:20 FAX                                                    @001

**stripes.**                                                         Ex A

September 26, 2016

LaToya Royal
1401 E Navajo Loop Apt 3805
Hobbs, NM 88240

Re: Employment Status:

Dear LaToya Royal:

We regret that effective September 26, 2016 your employment status with Sunoco LLC/Stripes LLC has been terminated.  You were not eligible for Family and Medical Leave; therefore, you were placed on our Leave of Absence.  Our records indicate that on July 28, 2016 employment status changed from "Active" to "Leave of Absence" and that your absence from work has now exceeded thirty (30) days.

* If you are currently receiving disability benefits for a work-related injury, your benefits will continue unless you are otherwise notified under a separate written notification.

* If you are currently enrolled in Company Benefit Plans and your benefits have not been canceled for non-payment of your insurance premiums, you will receive a certified written notification (COBRA) advising you of the cancellation date of your benefits and your continuation options.

* If you are currently enrolled in the Retirement Plan, you will receive distribution paperwork along with IRS information.

In the future, if you are released for return to work by your treating physician, we welcome and encourage you to re-apply for any position we have available, for which you qualify, at that time.

If we are in error as to any fact stated in this letter please notify me at 1-361-693-3662.

Sincerely,

*Rita E. Perez*

Rita E. Perez
Benefits Administrator

---

Street Address: 4525 Ayers Street, Corpus Christi, Texas 78415    Mailing Address: P.O. Box 9036, Corpus Christi, Texas 78469    361.884.2463
www.susser.com




## CERTIFICATE OF SERVICE

The undersigned certifies that on this 16th day of December, 2016, a true and correct copy

of the above and foregoing document was served upon the following counsel of record in

accordance with the Federal Rules of Civil Procedure.

**Via Certified Mail:**
Stripes, LLC
c/o Corporation Service Company
123 East Marcy Street
Suite 101
Santa Fe, NM 87501

Lee Stringham
SBN: 24093222
The Stringham Law Firm, PLLC
6 Desta Drive, Suite 2590
Midland, Texas 79705
(432) 203-9400 (o)
(432) 203-9401 (f)
Email: LStringham@stringhamlawfirm.com

**ATTORNEY FOR PLAINTIFF**



**4-206. Summons.**

[For use with District Court Civil Rule 1-004 NMRA]

<table>
<tr><td colspan="2" align="center">**SUMMONS**</td></tr>
<tr>
<td>

District Court: 5th Judicial Court

Lea _____ County, New Mexico

Court Address: 100 N. Main
            Lovington, NM 88260

Court Telephone Number.: 575-396-8571

</td>
<td>

Case Number: D-506-CV-2016-01359

FILED IN MY OFFICE
DISTRICT COURT CLERK
12/28/2016 1:36:34 PM
NELDA CUELLAR
Cory Hagedoorn

Judge: Mark Sanchez

</td>
</tr>
<tr>
<td>

Plaintiff(s): Latoya Sh-nae Royal

v.

Defendant(s): Stripes, LLC

</td>
<td>

Defendant
Name:  Stripes, LLC
    Servicing Agent: Corporation Service Company
Address: 123 E. Marcy Street, Suite 101, Santa Fe, NM 87501

</td>
</tr>
</table>

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.    A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.    You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.    You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.    You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.    If you need an interpreter, you must ask for one in writing.

7.    You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at _____Lovington_____, New Mexico, this _1st_ day of _December_, 20_16_.

Nelda Cuellar
CLERK OF COURT

By: _____
    Deputy

Attorney for Plaintiff or
Plaintiff pro se

ORIGINAL: To Be Returned to Clerk of District Court for Filing.

Name: Lee Stringham, The Stringham Law Firm
Address: 6 Desta Drive, Suite 2590, Midland, TX
Telephone No.: 432-203-9400
Fax No.: 432-203-9401
Email Address: lstringham@stringhamlawfirm.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO      )
                         )ss
COUNTY OF _SANTA FE_     )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to
this lawsuit, and that I served this summons in _SANTA FE_ county on the _12_ day of
_DECEMBER_, _2016_, by delivering a copy of this summons, with a copy of complaint
attached, in the following manner:

*(check one box and fill in appropriate blanks)*

[ ]   to the defendant _____ *(used when defendant accepts a copy of
summons and complaint or refuses to accept the summons and complaint)*

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used
when service is by mail or commercial courier service)*.

After attempting to serve the summons and complaint on the defendant by personal service or by
mail or commercial courier service, by delivering a copy of this summons, with a copy of
complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at
the usual place of abode of defendant _____, *(used when the defendant is not
presently at place of abode)* and by mailing by first class mail to the defendant at
_____ *(insert defendant's last known mailing address)* a copy of the summons
and complaint.

[ ]   to _____, the person apparently in charge at the actual place of
business or employment of the defendant and by mailing by first class mail to the defendant at
_____ *(insert defendant's business address)* and by mailing the summons
and complaint by first class mail to the defendant at _____ *(insert defendant's
last known mailing address)*.

[X]   to _KAREN HUNT_, an agent authorized to receive service of process for

defendant _Corporation Service Company_

[ ]  to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]  to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____.

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

    1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013; as amended by Supreme Court Order No. 14-8300-017, effective for all cases pending or filed on or after December 31, 2014.]